IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FELICIA GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10cv872-MEF |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to this Court's Order (Doc. #6) of October 27, 2010, Plaintiff has filed an Amended Complaint (Doc. #7) which is before the Court for consideration pursuant to the standards of 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Amended Complaint attempts to allege a cause of action for "fraudulent use of [her] payments" while she was incarcerated but on work release. Amended Complaint (Doc. #7) at 1. As best the Court can tell, Plaintiff is aggrieved by the Department of Corrections' (DOC) purported failure to properly allocate her salary earnings, which it received while Plaintiff was in work release. Foremost among Plaintiff's concerns is the DOC's alleged failure to apply her earnings toward the restitution payments she was required to make as part of her sentence. According to documents submitted with the Amended Complaint, Plaintiff was incarcerated from 1993 through 1998, and she spent considerable periods of this time in work release at different locations. Plaintiff alleges that it was the

responsibility of the DOC to withhold amounts from her paychecks for the payment of restitution in compliance with the sentencing court's orders.[1]  According to Plaintiff's original complaint, in 2007, several years after she was released from incarceration, Plaintiff "applied for a pardon" but was denied such relief because, according to the DOC, she had failed to pay approximately "$3000 or more dollars on [her] case." Complaint (Doc. #1) at 1.  After the denial, Plaintiff set about trying to discover why her restitution had not been satisfied and what became of the supposedly missing money.  Plaintiff made inquiries with various persons at DOC and elsewhere in state government, but ultimately has failed to discern why her restitution was not satisfied.  Plaintiff's request for records of her P.M.O.D. transactions has yielded limited records only covering a portion of the time she was in work release.  Furthermore, Plaintiff alleges that "around about $75,000.00 dollars still uncounted for [sic]." Amended Complaint (Doc. #7) at 2.  Accordingly, on October 18, 2010, Plaintiff filed the instant suit in this Court.  Although Plaintiff failed to clarify the legal authority for her suit in either her original or amended complaint, the Court surmises Plaintiff intends to present a Fourteenth Amendment deprivation of property claim under 42 U.S.C. § 1983.  *See Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003).[2]

Pursuant to § 1915(a), Plaintiff requested and was granted leave to proceed *in forma*

---

[1] Plaintiff refers to these payments as "P.M.O.D. transactions."

[2] The Court does not here rule on the sufficiency of Plaintiff's allegations for purposes of determining whether she has indeed stated a claim for unconstitutional deprivation of property.  However, it is difficult to conceive of any other theory under which Plaintiff's allegations might sustain a cause of action under § 1983.

*pauperis*. Section 1915(e)(2)(B) instructs this Court to dismiss, "at any time," any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).[3] An action which is barred by the applicable statute of limitations is "frivolous" for purposes of § 1915(e)(2)(B)(i). *Hughes*, 350 F.3d at 1163. In order for the Court to dismiss Plaintiff's complaint prior to service of process on the ground that it is untimely, and therefore frivolous under § 1915(e)(2)(B)(i), it must "appear beyond a doubt from the complaint itself that [Plaintiff] can prove no set of facts which would avoid a statute of limitations bar." *Leal v. Georgia Dep't Of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001). Accordingly, the Court will first assess the timeliness of Plaintiff's complaint.

The Court of Appeals for the Eleventh Circuit has directed that a reviewing court should determine the timeliness of § 1983 actions arising in Alabama follows:

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). [Plaintiff's] claim was brought in Alabama, where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*). Therefore, in order to have [her] claim heard, [Plaintiff] was required to bring it within two years from the date the limitations period began to run.
>
> It has long been the law of this Circuit that in § 1983 actions "the

---

[3] Courts recognize that the screening procedures of § 1915(e)(2)(B) are applicable to any suit brought by an *in forma pauperis* applicant, including the non-incarcerated. *See, e.g., Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).

> statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (internal quotations omitted)."

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). According to the allegations of Plaintiff's original and amended complaint, the deprivation about which Plaintiff complains began during her period of incarceration in the 1990s. However, construing the allegations of her complaint in her favor, Plaintiff was not aware of the such deprivation until, at the latest, August 22, 2007, the date she describes as the date she was "denied my pardon to vote and get my civil rights back" due to her purported failure to pay all of her restitution. *See* Complaint (Doc. #1) at 1. Plaintiff's original complaint lists this date as the "Date of alleged violation of civil rights." Although Plaintiff's Amended Complaint changes that date to September 16, 2008, Plaintiff does not impart the significance of the revised date[4] and, in any event, the Amended Complaint still refers to the denial of Plaintiff's pardon as the impetus for her action. Hence, Plaintiff was required to file the instant suit on or before August 22, 2009, the date marking two years from the time she was made aware that the DOC had allegedly failed to properly apply her salary payments toward her restitution. Plaintiff did not file the instant suit until October 18, 2010, more than one year after the statute of

---

[4] Correspondence provided by Plaintiff with her Amended Complaint consists of a letter addressed to "To Whom it may concern" which is dated September 16, 2008, and requests records evidencing Plaintiff's P.M.O.D. transactions while incarcerated. *See* "Item 1" to Amended Complaint (Doc. #7-1).

4

limitations had expired.[5] Accordingly, unless there is a basis upon which the Court might toll the statute of limitations, Plaintiff's action is due to be dismissed.

State law generally determines whether tolling of the statute of limitations applicable to a given § 1983 action is appropriate. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). Plaintiff has not alleged any fact or reason why the statute of limitations might be statutorily or equitably tolled in this case. As for statutory tolling under Alabama law, the Court is unaware of any basis for statutory tolling in this instance.[6] Likewise, "equitable tolling is appropriate only in 'extraordinary circumstances,' and [Plaintiff] bears the burden of showing equitable tolling is warranted." *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (remarking that the equitable balance which determines whether tolling should be granted tips in the defendant's favor "when the plaintiff does not file her action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running."). Moreover, "due diligence on

---

[5] Even if the Court credits the revised date of September 16, 2008, given in Plaintiff's Amended Complaint, Plaintiff's action would still be barred by the statute of limitations.

[6] Even if the Court construes Plaintiff's action as some sort of state or common law "fraud" action, which is consistent with the terms she uses in her complaint but which would also likely deprive the Court of jurisdiction, it appears the statutory tolling provision of Ala. Code § 6-2-3 would still render Plaintiff's complaint untimely. Much like the rule applied by this Court, that the statute of limitations did not begin to run until Plaintiff knew or should have known of the facts supporting her cause of action, that provision of Alabama law states that "[i]n actions seeking relief on the ground of fraud . . . the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." Ala. Code § 6-2-3.

the part of the plaintiff, though necessary, is not sufficient to prevail on the issue of equitable tolling." *Id.* Upon review of Plaintiff's pleadings and supporting documents, there does not appear to be any extraordinary circumstance warranting equitable tolling of the statute of limitations in this case. Rather, it appears simply that Plaintiff learned of the material fact underlying her claim in 2007, at the latest, but failed to file the instant suit until over three years later. Mere failure to timely file suit, even if occasioned by Plaintiff's contemporaneous and informal efforts to ascertain records of her P.M.O.D. transactions, does not suffice as the requisite extraordinary circumstance. As such, Plaintiff is not entitled to equitable tolling of the limitations period, and her complaint, as amended, is due to be dismissed.

## V.     CONCLUSION

For the reasons specified above, the Magistrate Judge concludes that Plaintiff's complaint, as amended, is untimely and therefore RECOMMENDS that Plaintiff's Amended Complaint be DISMISSED, with prejudice and prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because the Court has already granted Plaintiff leave to proceed *in forma pauperis,* it is

ORDERED that Plaintiff's second Motion for Leave to Proceed *In Forma Pauperis* (Doc. #8) is DENIED as moot. It is further

ORDERED that Plaintiff is DIRECTED to file any objections to this Recommendation by **February 14, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous,

conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 31st day of January, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE